UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QAWI EL:- BEY,

    Creditor/Petitioner,

v.                                                                 Case No. 12-13381

PROBATE COURT OF THE STATE                HON. AVERN COHN
OF DETROIT MICHIGAN, LAWRENCE FLACK,
and Attorney MICHAEL CAINE,

    Defendants.
_____/

## ORDER OF DISMISSAL

I.

Creditor/Petitioner Qawi El: - Bey (Petitioner), proceeding pro se, has filed a paper styled "Writ of Mandamus In the Nature of a Notice of Removal" which names the "Probate Court of the State of Detroit, Michigan, Lawrence Flack and Attorney Michael Caine" as defendants.[1]  For the reasons that follow, the case will be dismissed.

II.

A court generally may not sua sponte dismiss a case where the filing fee has been paid unless the court gives the party notice and the opportunity to amend the complaint.  Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983).  However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. Rule 12 (b)(1) if the allegations of a complaint are

---

[1] Although the case caption lists only Qawi El: - Bey as "Petitioner," a subsequent page lists "Darlene Flack Smith, Continental Congress, Moorish Offspring, Family Members, and all Ministers, Consuls, Moorish Nationals, Diplomats, et al" as "Petitioners."

totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). See Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

When reviewing pro se papers, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, ––U.S. ––, ––, 129 S.Ct. 1937, 1949 (2009). "Pro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

### III.

### A.

The Court has Petitioner's paper. It is virtually unintelligible. As best as can be gleaned, Petitioner is challenging a case pending in Wayne County Probate Court, claiming various constitutional and treaty violations. Petitioner is alleged to be an "Aboriginal Indigenous Moorish American" and therefore entitled to various protections. Petitioner alleges illegalities and irregularities regarding the administration of the estate of Thelma Flack, and the apparent conservatorship established over her heir, Darlene Flack Smith.

B.

The Court has no jurisdiction over Petitioner's challenge to probate court proceedings. It is well-settled that "a federal court has no jurisdiction to probate a will or administer an estate...." Markham v. Allen, 326 U.S. 490, 494(1946). This exception, known as the probate exception, "is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004) (quoting Cenker v. Cenker, 660 F. Supp. 793, 795 (E.D. Mich.1987)). Thus, this Court is without authority to adjudicate any challenge to probate court proceedings.

Moreover, although Petitioner claims constitutional violations have occurred in the probate court, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393. Petitioner's recourse is to raise any federal defenses in the probate proceedings.

Additionally, although this case was docketed as an original action, it could be construed as a notice of removal from probate court. So construed, the removal of a case from probate court is improper. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, 482 U.S. 386 at 392. Because the probate case could not have been originally filed in federal court, it cannot be removed. Finally, "only a defendant has the right to remove." Turner v. Jackson Park Hospital, 2009 WL 606063 at *1 (7th Cir.

2009) (citing 28 U.S.C. § 1441, 1443, 1446).  It is not clear that Petitioner here is a "defendant" in the probate case.  At best, Petitioner appears to be an interested party.  That is not sufficient to remove a case.

IV.

Petitioner's paper fails to present a claim over which this Court has jurisdiction.  Accordingly, the case is DISMISSED under Fed. R. Civ. P. 12(b)(1).

The Clerk is directed to return the filing fee to Petitioner.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  August 8, 2012

I hereby certify that a copy of the foregoing document was mailed to Qawi Bey, 623 Woods Drive NW, Atlanta, GA 30318-9998  on this date, August 8, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160